RECEIVED
IN ALEXANDRIA, LA.

AUG 2 5 2014

TONY R. MOORE, CLERK
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| THE TURFGRASS GROUP, INC. AND UNIVERSITY OF GEORGIA RESEARCH FOUNDATION, INC. | : | DOCKET NO. 3:10-1354 |
| VS. | : | JUDGE TRIMBLE |
| NORTHEAST LOUISIANA TURF FARMS, LLC AND JEFFREY CLIFTON NICOLLE, INDIVIDUALLY | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #80) filed by defendants, Northeast Louisiana Turf Farms, LLC and Jeffrey Clifton Nicolle, individually, wherein the movers request that the court grant summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56. Defendants maintain that plaintiffs have failed to present any expert testimony to establish their damages.

## FACTUAL STATEMENT

Defendants have filed a motion to exclude the opinions, report and testimony of plaintiffs' expert on damages, Donald Davis. Defendants move for summary judgment based solely on the undisputed fact that Mr. Davis' opinion and testimony was excluded in another case. The court notes that that particular case is currently on appeal. Defendants maintain that because plaintiffs cannot prove their damages claim, based on a ruling that excluded the expert in another case, there is no genuine issue of fact and they are entitled to summary judgment dismissing with prejudice the claims of plaintiffs.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

Defendants maintain that they are entitled to summary judgment as to plaintiffs' claims on the grounds that plaintiffs have failed to present expert evidence to support their damages claim. Defendants rely on a ruling by the District Court in The Turfgrass Group, Inc. and University of Georgia Research Foundation, Inc. v. Carolina Fresh Farms, Inc., Carolina Fresh Farms, LLC f/k/a Carolina Fresh Farms, Inc. and John A. Fogle, Sr. Plaintiffs inform the court that the ruling has been appealed to the United States Court of Appeals for the Federal Circuit. Plaintiffs assert that the case is not legal precedent or authority, and that plaintiffs' expert has been challenged and accepted, and his opinions and testimony has been held reliable in several Federal pre-litigation and litigation matters regarding PVPA and Lanham Act matters and damage calculations concerning intellectual property.

Plaintiffs also remark that they have yet to depose defendants' corporate representatives and furthermore, they have non-expert witnesses that will substantiate plaintiffs' damages. The court agrees; it is premature in this stage of the proceedings to dismiss the lawsuit.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25 day of August, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

3